**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30068 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00047-BMM-1 |
| v. | |
| BRUCE HAROLD SUNCHILD, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30069 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00071-BMM-1 |
| v. | |
| BRUCE HAROLD SUNCHILD, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30070 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00102-BMM-1 |
| v. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

BRUCE HAROLD SUNCHILD,

Defendant - Appellant.

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted April 7, 2016[**]
Seattle, Washington

Before: GILMAN,[***] RAWLINSON, and CALLAHAN, Circuit Judges.

Bruce Sunchild appeals his 34-month sentence imposed following his guilty

pleas to theft from an Indian tribal organization (18 U.S.C. § 1163), accepting a

bribe (18 U.S.C. § 666(a)(1)(B)), and income tax evasion (26 U.S.C. § 7201). The

pleas and sentence arise out of Sunchild's actions while serving as Chairman of the

Chippewa Cree Tribal Business Committee after the Chippewa Cree Tribe received

federal funding and insurance proceeds in the wake of flooding that destroyed a

medical facility serving the Tribe. On appeal, Sunchild argues that the district

court erred by: (1) incorrectly attributing a loss of over $200,000 to Sunchild's

offense and, based on this amount, imposing a 12-level enhancement pursuant to

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

U.S.S.G. § 2B1.1(b)(1)(G); (2) denying Sunchild a minor-role reduction; and (3) imposing a procedurally and substantively unreasonable sentence in violation of 18 U.S.C. § 3553(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court applied the more lenient gratuity sentencing guideline under U.S.S.G. § 2C1.2 instead of the bribery sentencing guideline under U.S.S.G. § 2C1.1. The gratuity guideline provides that if the value of the gratuity exceeded $5,000, then the sentence should be enhanced according to the table in U.S.S.G. § 2B1.1. U.S.S.G. § 2C1.2(b)(2). The gratuity guideline instructs that the "value" to be used for purposes of calculating such an enhancement is the amount of the unlawful payment. *Id.* However, when the gratuity in question is part of a jointly undertaken scheme in which multiple gratuities were paid, the amount of loss to be used for purposes of U.S.S.G. § 2B1.1 is the combined value of all reasonably foreseeable bribes/gratuities paid in furtherance of the scheme. U.S.S.G. § 1B1.3.

Applying these guidelines, the district court determined that the government had met its burden of showing by a preponderance of the evidence that the loss attributable to Sunchild's offense was more than $200,000. The district court therefore applied a 12-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(G). Sunchild contends the district court erred because it used an incorrect evidentiary

3

standard and because its loss determination is not adequately supported by the record.

A.    The district court appropriately required the government to prove the amount of loss by a preponderance of the evidence rather than by clear and convincing evidence. Although the enhancement resulted in a difference of more than four offense levels, none of the other circumstances relevant to determining whether the clear and convincing evidence standard applies favors that standard's application. *See United States v. Treadwell*, 593 F.3d 990, 1000 (9th Cir. 2010) (listing circumstances). Indeed, Sunchild's sentence of 34 months is well under the 10-year statutory maximum sentence for bribery. 18 U.S.C. § 666(a)(1)(B).

B.    The district court did not clearly err in determining that the government had met its burden of proving that the amount of loss attributable to Sunchild was more than $200,000. Sunchild admits that he and other tribal officials authorized a $300,000 embezzlement of tribal funds. Days later, Sunchild received a kickback of $24,977 in value. The district court did not clearly err in rejecting Sunchild's claim that the $24,977 kickback was for unrelated past actions and not a *quid pro quo* for facilitating the $300,000 embezzlement. As the district court explained, Sunchild's claim was contradicted by "circumstances surrounding the approval of the $300,000 payment and the money trail as to . . . where those

funds ended up." Nor did the district court clearly err in concluding that this $24,977 kickback was part of a jointly undertaken scheme that resulted in other reasonably foreseeable kickbacks that together exceeded $200,000 in value. Indeed, the bribery count that Sunchild pleaded guilty to states that Sunchild "authorized and approved the payment of $300,000 in tribal insurance monies . . . well knowing that the payment was not a business obligation of the Tribe . . . and that the payment, in whole or in part, was going to be kicked back to Tony James Belcourt." The kickback to Belcourt was $200,000 in value. Accordingly, the combined value of Sunchild's and Belcourt's kickbacks alone exceeded $200,000, satisfying the 12-level enhancement under U.S.S.G. § 2B1.1(b)(1)(G).

2.  The district court did not err in denying Sunchild a minor-role reduction. The district court appropriately found that, compared with others involved in the jointly undertaken criminal scheme, Sunchild was not significantly less culpable. Although his role was small, it was "critical in light of his position as vice chair of the tribe, and then eventually chair of the tribe." Sunchild was Chairman of the Tribe when he signed off on the $300,000 embezzlement. He was also a tribally appointed member of the Insurance Recovery Team, which controlled the insurance proceeds from which the $300,000 was embezzled.

5

3.      Finally, Sunchild's sentence was not procedurally or substantively unreasonable. In applying the sentencing factors, the district court found numerous facts favorable to Sunchild, including his lack of a criminal history, age, public service, and limited gain from the offense in question. It is apparent that the district court found these facts persuasive because Sunchild's 34-month sentence represents a significant downward variance from an advisory range of 63 to 78 months. The district court did not abuse its discretion.

AFFIRMED.